CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
FEB - 4 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARLON G. WATSON, <br> Plaintiff, | Civil Action No. 7:12-cv-00404 |
| v. | MEMORANDUM OPINION |
| R. J. BURTON, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Marlon G. Watson, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Gregory Holloway, Warden of the Wallens Ridge State Prison ("WARSP"); R. J. Burton, the Inmate Hearing Officer ("IHO") at WARSP; and Sergeant Hughes, a WARSP correctional officer. Defendants filed a motion for summary judgment, and plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant defendants' motion for summary judgment.

I.

On March 20, 2012, a correctional officer went to plaintiff's cell in segregation and told plaintiff that he needed to pack his cell because he was reassigned to general population. Plaintiff did not pack his property or leave his cell, and the correctional officer charged plaintiff with disobeying an order.

IHO Burton started plaintiff's first disciplinary hearing on March 28, 2012, by reading plaintiff his rights and asking for a plea. Plaintiff said he entered no plea because Sgt. Hughes did not serve the charge, as required by prison policy. Plaintiff explained that he did not dispute disobeying an order but challenged the charge because Sgt. Hughes never gave him a copy of the disciplinary offense report. Plaintiff alleged that Sgt. Hughes came to the cell and told plaintiff to sign the disciplinary offense report, plaintiff replied that he does not sign disciplinary offense

reports, and Sgt. Hughes walked away without giving plaintiff a copy of the report. IHO Burton decided to continue the hearing until he could review security camera footage of Sgt. Hughes at plaintiff's cell, per plaintiff's request.

With both plaintiff and Sgt. Hughes present, IHO Burton resumed the hearing on April 11, 2012, and read the information from the last hearing into the record. Sgt. Hughes testified that he signed the disciplinary offense report and that he stuck the disciplinary offense report in plaintiff's cell door once plaintiff became belligerent. Sgt. Hughes also explained that he had served disciplinary offense reports on two or three other offenders in segregation at the same time when plaintiff spoke profanity and refused to sign the report.

IHO Burton said that he reviewed two photos taken from security cameras that showed Sgt. Hughes arriving at and leaving plaintiff's cell door. Based on Sgt. Hughes' testimony and the pictures, IHO Burton determined Sgt. Hughes served the disciplinary offense report, found plaintiff guilty of disobeying an order, and assessed a $12.00 fine. Warden Holloway affirmed the conviction on appeal because he did not find a procedural error or any justifiable reason to modify or disapprove IHO Burton's decision.

Plaintiff alleges in the Complaint that IHO Burton was not an objective and impartial decision maker; Sgt. Hughes did not serve plaintiff with the disciplinary offense report, advise him of his rights, or offer a plea agreement; and Warden Holloway failed to correct IHO Burton's and Sgt. Hughes' misconduct on appeal. Plaintiff requests $10,000 in damages and an injunction ordering defendants to reverse the conviction.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C.

2

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To establish a violation of procedural due process guaranteed by the Fourteenth Amendment, an inmate must demonstrate a deprivation of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

Inmates are "only afforded procedural due process protections, such as written advance notice of charges, when the loss of statutory good time credits or some other liberty interest is at issue." Hines v. Ray, 2005 U.S. Dist. LEXIS 37616, at *8, 2005 WL 2333468, at *3 (W.D. Va. Sept. 22, 2005) (Kiser, J.) (unpublished) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Plaintiff forfeited $12.00 for, as he admitted, disobeying the order to move into general population.[1] This fine is not an atypical and significant hardship on plaintiff in comparison to the ordinary incidents of prison life. See, e.g., Henderson v. Commonwealth of VA, 2008 U.S. Dist. LEXIS 5230, 2008 WL 204480 (W.D. Va. 2008) (Conrad, J.) (unpublished) (holding a

---

[1] Plaintiff acknowledged during the hearing that he disobeyed the order and merely challenged the serving process. Even if he was successful with that challenge, the charge would merely be reserved on plaintiff for him to acknowledge his guilt, as he indicates in the Complaint. Furthermore, the disciplinary hearing record included Sgt. Hughes' testimony that he served the disciplinary offense report and pictures from a security camera showing Sgt. Hughes arriving and leaving plaintiff's cell when Sgt. Hughes said he served the report. Thus, there is "some evidence" in the record that supports IHO Burton's finding that Sgt. Hughes served the charging document. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (requiring at least "some evidence" in the prison disciplinary record to support a disciplinary conviction).

4

$12.00 fine is not atypical); Goodman v. Gilmore, 2006 U.S. Dist. LEXIS 36653, 2006 WL 1587463 (W.D. Va. 2006) (Turk, J.) (unpublished) (quoting Sandin to hold that the imposed disciplinary fine did not constitute undue hardship beyond the expected conditions of his prison sentence); Holmes v. Ruiz-Kurtz, 2006 U.S. Dist. LEXIS 22489, 2006 WL 840316 (W.D. Va. 2006) (Conrad, J.) (unpublished) (holding a $12.00 fine did not constitute an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life).

Furthermore, plaintiff is not entitled via the Fourteenth Amendment to administratively appeal a disciplinary conviction, and plaintiff fails to establish how Warden Holloway violated a protected right actionable via § 1983. Even if plaintiff did not receive all of the state-mandated procedural protections during his disciplinary hearings, like a plea offer, such violations are not independently actionable under § 1983. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). Moreover, plaintiff does not establish that IHO Burton was not impartial or objective. Accordingly, defendants are entitled to summary judgment.

### III.

For the foregoing reasons, I grant defendants' motion for summary judgment.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 4th day of February, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge

5